■ FRANCES McDONALD, Respondent, v. CARL McDONALD, Appellant.— Order of the Supreme Court, Queens County, dated December 11, 1967, which denied defendant's motion to set aside a decision and, inter alia, directed entry of a money judgment against him for accured alimony, reversed, on the law, without costs, and motion remitted to the Special Term in accordance with the views herein. The findings of fact below have not been affirmed. At the conclusion of the trial of the matrimonial action at bar, an informal conference was held by the trial court and the parties' attorneys concerning, inter alia, appellant's liability for unpaid temporary alimony and an unpaid counsel fee, which had been fixed by an August, 1964, order granting respondent pendente lite relief. Though the holding of the conference is conceded by the parties' briefs in this court, no record of the conference itself was made. According to appellant, he protested respondent's oral application for an order directing entry of a money judgment for unpaid sums due under the August, 1964, order because he had not theretofore received the notice required by section 244 of the Domestic Relations Law. According to respondent, appellant joined in the submission to the trial court of the issues raised by respondent's application. The record before us does not show that appellant objected to the submission

to the trial court; nor does it show conclusively that he joined in it. Indeed, the record may be read in support of the contrary contentions of each of the parties concerning whether appellant chose to relinquish his rights under section 244 of the Domestic Relations Law. In *St. Germain* v. *St. Germain* (25 A D 2d 568), we held that section 244 of the Domestic Relations Law envisions an adversary proceeding held on appropriate notice. Absent a record created by such a proceeding, we are unable to review the exercise of Special Term's discretion in granting or denying such a motion (cf. *Lewandoski* v. *Lewandoski*, 278 App. Div. 1004). Undoubtedly parties may, in many respects, effectively resolve issues between them without adhering to procedures established by statute for their protection. Hence, we would not think it intolerable if, immediately subsequent to a matrimonial trial, the parties agreed to the submission of the issue of arrearages to the trial court without the making of a formal motion and the holding of a formal adversary proceeding. However, evidence of such a submission must unequivocally appear in the record for, in substance, the parties thereby forego the advantages of a formal adversary proceeding and absence of such record precludes an appellate review of Special Term's determination. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.